■ SHAWMUT BANK, N. A., Appellant, v EDWARD B. LAPIDUS, Respondent, and KATHRYN LAPIDUS, Nonparty Respondent. [619 NYS2d 946] —In a proceeding, *inter alia,* to quash a subpoena duces tecum the appeal is from (1) an order of the Supreme Court, Nassau County (Robbins, J.), dated October 8, 1992, which, *inter alia,* limited the deposition of nonparty witness Kathryn Lapidus and related document production to the sale of the defendant judgment debtor's Vermont house and Florida condominium, and (2) so much of an order of the same court, dated February 19, 1993, as, upon reargument, modified the original determination by directing Kathryn Lapidus to produce all amendments to the defendant judgment debtor's Federal, State, and City tax returns for 1986 through 1991 and all records of payments made by Kathryn Lapidus to the defendant from 1985 through the date of the subpoena, and as modified, adhered to its original determination.

Ordered that the appeal from the order dated October 8, 1992, is dismissed, as that order was superseded by the order dated February 19, 1993, made upon reargument; and it is further,

Ordered that the order dated February 19, 1993, is modified by deleting the third decretal paragraph thereof and substituting therefor a provision directing the witness, Kathryn Lapidus, to respond to items 2 through 20 of the rider to the subpoena duces tecum; as so modified, the order is affirmed insofar as appealed from and Kathryn Lapidus' time to respond to the subpoena duces tecum is extended until 20 days after service upon her of a copy of this decision and order with notice of entry; and it is further,

Ordered that the defendant-respondent is awarded one bill of costs.

The plaintiff's contention that the Supreme Court improp-

erly limited its deposition of the nonparty witness Kathryn Lapidus by quashing items 24 through 34 of the rider to the subpoena it served on her is without merit. The plaintiff's papers fail to demonstrate how these items are presently relevant to property and/or funds transferred to the defendant judgment debtor.

However, inasmuch as items 2 through 20 are relevant to the proceedings, it was improper to condition the nonparty witness's response to them upon the judgment debtor's failure to sufficiently respond to the same items, notwithstanding that this may result in some duplication. In any event, the remainder of the Supreme Court's order was clearly proper (see, CPLR 5223; see also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5223:1, C5223:2, at 213-215). Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.